OTTO ARNS *et al., d.b.a.* ARNS DRESSED MEAT CO. *vs.*
LOUIS M. BERMAN.

MARCH 29, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J. This is an action of assumpsit by three men forming a partnership and carrying on a slaughterhouse business under the firm name of Arns Dressed Meat Co. The

defendant is a former customer of a Massachusetts corporation by the name of Arns Dressed Meat Company., Inc., which was controlled by the plaintiffs and carried on the same business from the fall of 1935 until the fall of 1936, when it was dissolved and all its assets were transferred to the plaintiffs, who thenceforth carried on the business of slaughtering hogs belonging to the defendant and others.

The declaration is in two counts in *indebitatus assumpsit,* with damages laid at $3000, the first count being on book account in the amount of $1080.89 and the other being on the common counts. The defendant filed two pleas, the first being non assumpsit; and in the second he pleaded a discharge in bankruptcy as to all items included in the declaration and accrued prior to March 19, 1936, if any such items there were. To the latter plea the plaintiffs filed a replication, alleging that the defendant did not list the plaintiffs' claim in his schedule of debts filed in the bankruptcy proceedings and that after those proceedings he promised to pay the claim in full and did pay it in part.

The case was tried before a justice of the superior court, sitting without a jury; and at the conclusion of the trial he made a decision for the defendant on the merits of the case. The plaintiffs filed an exception to this decision and the case is now before us on that exception alone, the grounds stated for it in the bill being that the decision is against the law and that it is against the evidence and the weight thereof.

According to the contention of the plaintiffs, supported by the testimony of Otto Arns, hereinafter referred to as Arns, who was the active manager of the business during both the periods of ownership by the corporation and of ownership by the partnership, the main facts were as follows:

The corporation and the partnership slaughtered hogs owned by the defendant and made charges against him on a running account for the service thus rendered to him, and

he made payments on account from time to time. About the middle of December, 1935, the unpaid balance of the account against the defendant was $1080.89, the payment of which was demanded by Arns from the defendant. The defendant declared that he could not then make any payment upon that account, but that, if credit was extended to him on a new, separate account, he would keep that paid up promptly and would make partial payments frequently on the old account until it was paid in full. This proposition was accepted by Arns and a new account was opened accordingly.

This new account continued for a little more than two years, payments being made with reasonable promptness; and before this action was brought this new account had been all paid up. But no payment whatever had been made on the old account, although Arns had very often during the interval demanded payment of it from the defendant.

When the petition in bankruptcy was filed by the defendant, Arns read the notice of it in a newspaper and went to the defendant the next day and talked with him about it. Arns asked Berman whether the bankruptcy included this account, and the latter said that it had nothing to do with Arns or the account and that he would pay that just the same. Later, however, Berman for the first time questioned the amount of the old account. Still later, although he had meantime paid nothing on the old account, he denied that he owed anything on it.

Such was the testimony of Arns. As to the opening of the new and separate account at a certain time, and as to the amount of the balance owed on the old account at that time, as shown on the ledger of the business, this testimony was corroborated by the bookkeeper.

According to this bookkeeper's testimony he was apparently the only person who made any entries in this ledger

and he made them only when he came to the plant for an evening's work once a week. He entered the charges, on the different accounts, from copies of the sales slips for the last preceding week, furnished to him by Arns. He entered the credits on these accounts from information, apparently oral only, furnished to him by Arns. He could not say whether any statement of the old account had ever been sent or delivered to the defendant after the opening of the new account.

On the other side, the defendant in his testimony told a different story, which, in substance, was as follows: Up to the end of 1935 he kept no books of account in his business, and at the time of trial had no records for such period. But after that time his wife kept a good set of books for him. With the slaughterhouse business run by Arns he kept his account well paid up, and when the new account was opened, in the winter of 1935-6, he owed nothing on the old one.

He never afterwards received any statement of a balance owed on the old account and never was told of any such balance. He talked with Arns about the bankruptcy soon after the petition was filed; and the latter did not ask him about any balance of account owed on 1935 business.

The discharge in bankruptcy was proved; and the defendant's wife testified that early in 1936 she asked the above-mentioned bookkeeper to send her a statement of what the defendant owed the "Arns Dressed Meat Company" and she received a statement dated March 10, 1936 and showing a debit balance of $71.24. This statement was introduced in evidence. She knew of no old account on which there was a debit balance.

After all the evidence had been introduced and the arguments on both sides had been made, the plaintiffs' attorney renewed a motion, which he had previously made but had withdrawn, that he be permitted to amend the writ and

declaration so that it might appear that the action had been brought in the name of the Massachusetts corporation, above mentioned, for the use and benefit of the present copartners.

The trial justice refused to grant this motion. However, although he said: "I really don't think you have brought suit in the proper form", he did not dismiss the action or make a decision for the defendant on that ground. On the contrary, in his decision announced orally from the bench, he said: "Waiving for the moment the question of partnership", and then proceeded to discuss the evidence on the question, as to the *merits* of the case, whether or not the plaintiffs had shown, by a fair preponderance of the evidence, that there was a bill, due and owing by the defendant, which should be paid. He did not afterwards refer to the way in which the action had been brought.

After discussing the evidence, some of it not denied and some of it conflicting, he found that the books of account, on which the plaintiffs relied, were not kept very carefully and that "the ordinary reliance that is placed upon books of this type will have to be waived in this instance"; and he showed that the conduct of Arns and the defendant, after the opening of the new account, militated strongly against the plaintiffs' contention that there was then outstanding such an old account as this action is based upon.

He therefore concluded that it had not been proved "by a fair preponderance of the evidence that this bill is due and owing and should be paid"; and he made a decision for the defendant on that ground. After examining and considering the evidence in the case and giving due weight to the fact that the trial justice has seen and heard the witnesses testify, while we have not had that advantage, we are of the opinion that we cannot properly find that his decision was clearly against the preponderance of the evi-

dence and therefore was clearly wrong, or that it was against the law.

Because the case has thus been finally decided in favor of the defendant upon its *merits,* on the ground that there is no indebtedness by the defendant to the plaintiffs, the question whether, as a matter of *procedure,* the action should have been brought in the name of the corporation, for the use and benefit of the present plaintiffs, need not be decided. Having been thus defeated on the merits, they cannot recover, in any kind of procedure, on any claim for such indebtedness.

The plaintiffs' exception is overruled, and the case is remitted to the superior court for the entry of judgment on the decision.

*Morris Berick,* for plaintiff.

*Herman J. Aisenberg, Alfred H. Joslin,* for defendant.